IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREEM GERMANN ERSKINE, #1291650 | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:08-CV-1219-K |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) at the Ferguson Unit in Midway, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of possession with intent to deliver a controlled substance cocaine and assessed punishment at eighteen years imprisonment. *State v. Erskine*, No. 28655-CR (40th Jud. Dist. Ct., Ellis County). The court of appeals affirmed his conviction. *Erksine v. State*, No. 10-05-00194-CR (Tex. App.

-Waco, Mar. 29, 2006, no pet.). Although Petitioner obtained an extension until June 27, 2006, to file a petition for discretionary review (PDR), he did not file a timely PDR. *See* No. PD-0682-06.[1]

Subsequently Petitioner filed three state applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure, the first on July 6, 2006, the second on April 30, 2007, and the third on December 10, 2007. The Texas Court of Criminal Appeals (TCCA) dismissed the first application on December 13, 2006, because his direct criminal appeal was pending as of the date of its filing. *See Ex parte Erskine*, No. WR-65,393-01. On June 13, 2007, the TCCA denied the second application without written order on the trial court's findings without a hearing. *See Ex parte Erskine*, Nos. WR-65,393-02. Thereafter, on January 16, 2008, it dismissed the third application as successive. *See Ex parte Erskine*, Nos. WR-65,393-03.[2]

On July 8, 2008, Petitioner filed this federal habeas action raising three grounds for relief. (Petition (Pet.) at 7-8 and attachments). He challenges the sufficiency of the evidence, the sufficiency of the indictment, and counsel's ineffective assistance.[3]

---

[1] The docket sheet for Petitioner's direct appeal and motion for extension of time to file a petition for discretionary review can be viewed at the following internet addresses: http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=7626, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=242996.

[2] The docket sheets for Petitioner's art. 11.07 writ are available at the following internet addresses: http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=245066, 252225, and 256874.

[3] For purposes of this recommendation, the petition is deemed filed on July 3, 2008, the date Petitioner signed and certified handing it to prison officials for mailing. (Pet. at 9). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).
This action was initially filed in the Southern District of Texas, which in turn transferred it to this court.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's vague and unsubstantiated assertion, that the state delayed in ruling on his "motion for retesting," does not rise to a state created impediment. (*See* July 31, 2008 response to show cause ord. at 3-4). In order to invoke § 2244(d)(1)(B), *supra*, a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner's arguments are clearly insufficient to invoke § 2244(d)(1)(B).

---

[4] On July 22, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the show cause order on July 31, 2008. He subsequently filed supplemental documents on September 25 and October 22, 2008.

Nor does Petitioner base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date the state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on June 27, 2006, the last day on which he could have filed a PDR in accordance with the TCCA's order of extension. *See* No. PD-0682-06.[5] The one-year period began to run on June 28, 2006, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application. Petitioner's first state application, filed on July 6, 2006, before the Court of Appeals issued a mandate, was not properly filed for purposes of statutory tolling. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (an art. 11.07 application filed *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not statutorily toll the one-year limitations period).

As of April 30, 2007, when Petitioner filed his second art. 11.07 application (*see* Attachment I), 307 days of the one-year limitations period had elapsed. That application remained pending until its denial on June 13, 2007, during which time the one-year period was statutorily tolled. *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*,

---

[5] The court called the TCCA's clerk's office to verify the last possible date on which the PDR was due.

4

159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on June 14, 2007, and expired 58 days later on Saturday August 11, 2007, approximately four months before Petitioner filed his third art. 11.07 application on December 10, 2007. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the one-year period expired does not statutorily toll the limitations period). Therefore, the federal petition deemed filed as of July 3, 2008, is clearly time barred unless the one-year statute of limitations is tolled on equitable grounds.

In response to the order to show cause, Petitioner appears to request equitable tolling of the one-year limitations period. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for any of the delays in his case. He fails to explain why he delayed 137 days between the dismissal of his premature writ on December 13, 2006, and the filing of his second writ on April 30, 2007. Nor does he explain the 179-day delay between the denial of his second state writ and the filing of third writ. Likewise Petitioner gives no

5

explanation for the additional 168-day delay between the dismissal of the third state writ and the filing of the federal petition. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Nor is Petitioner entitled to equitable tolling because his first art. 11.07 writ was dismissed as premature on December 13, 2006, three and one-half months after the mandate was issued. This is not a case in which the petitioner could not have filed a timely second 11.07 writ *before* the one-year period expired. *Cf. Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired). As matter of fact, Petitioner did timely file a second writ on April 30, 2007, with 58 days of the one-year period remaining. *See Kelly v. Quarterman*, 2007 WL 4467578 (5th Cir. 2007) (unpublished per curiam) (affirming denial of equitable tolling where the first art. 11.07 writ was dismissed as not "properly filed," and the timely, second state writ was denied more than four months before petitioner sought federal habeas relief).

In sum, Petitioner did not act with the diligence necessary for equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be

6

DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 25th day of November, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**